1  Jahan Sagafi (Cal. Bar No. 224887)
2  Relic Sun (Cal. Bar No. 306701)
   Molly Frandsen (Cal. Bar No. 320094)
3  **OUTTEN & GOLDEN LLP**
   One California Street, 12th Floor
4  San Francisco, CA  94111
   Telephone: (415) 638-8800
5  Facsimile: (415) 638-8810
   E-Mail: jsagafi@outtengolden.com
6  E-Mail: rsun@outtengolden.com
7  E-Mail: mfrandsen@outtengolden.com

8  Steven M. Tindall (Cal. Bar No. 187862)
   Aaron Blumenthal (Cal. Bar No. 310605)
9  **GIBBS LAW GROUP LLP**
   505 14th Street, Suite 1110
10 Oakland, CA 94612
   Telephone: 510-350-9700
11 Fascimile: 510-350-9701
12 E-Mail: smt@classlawgroup.com
   E-Mail: ab@classlawgroup.com
13

14 *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCICO DIVISION

| | |
|---|---|
| R. Harriman,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DoorDash, Inc.,<br><br>　　　Defendant. | CASE NO. 3:19-cv-06411-LB<br><br>**PLAINTIFF'S OPPOSITION TO DOORDASH'S ADMINISTRATIVE MOTION TO STAY**<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br>Hearing Place: N/A<br>Judge: Hon. Laurel Beeler |

Plaintiff R. Harriman respectfully requests that the Court deny Defendant DoorDash, Inc.'s Administrative Motion To Stay ("DoorDash Mot.") Mr. Harriman's case. In his case, Mr. Harriman asserts individual claims that DoorDash misclassified him as an independent contractor and failed to pay him a minimum wage and expense reimbursements for his work as a DoorDash driver, as well as violated other employment protections.

DoorDash's stay motion is both procedurally defective and meritless.

## I. AN ADMINISTRATIVE MOTION IS NOT THE PROPER VEHICLE FOR A STAY.

As an initial matter, a party cannot seek a stay via an administrative motion, which is appropriate only for "miscellaneous administrative matters," such as motions to enlarge page limits or to file documents under seal. N.D. Cal. Civ. L.R. 7-11. DoorDash acknowledges this defect but disregards the rule nonetheless. *See* DoorDash Mot. at 2 (citing *Advanced Internet Techs., Inc. v. Google, Inc.*, No. 05 Civ. 02579, 2006 WL 889477, at *1 (N.D. Cal. Apr. 5, 2006) ("A request for a stay . . . is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. 7-10(b).")). The Motion must therefore be denied on that basis alone.

## II. DOORDASH CANNOT MEET ITS BURDEN TO WIN A STAY.

### A. No Stay Would Be Appropriate Since This Is an Individual Case.

On the merits, DoorDash fails to meet its burden to support a stay. Mr. Harriman's case will proceed regardless of *Marciano*, because he intends to opt out of that settlement even if it is approved. Another court in this District has already rejected DoorDash's request for a stay pending approval of *Marciano* on that same basis. *See* Order, *Abernathy et al. v. DoorDash, Inc.*, No. 19 Civ. 7545 (Nov. 25, 2019) (Alsup, J.), ECF No. 48 (denying stay and ordering discovery where individual drivers seek to enjoin DoorDash from sending revised arbitration agreements directly to drivers in violation of

ethics rules);[1] *see also Primo v. Pac. Biosciences of Cal., Inc.*, No. 11 Civ. 6599, 2013 WL 4482739, at *2–3 (N.D. Cal. Aug. 20, 2013) (Wilken, J.) ("If Plaintiffs do opt out of the state court case, there is no reason to stay their individual claims in this Court. . . . Defendants' motion to stay is DENIED."); *Valdez v. Saxon Mortg. Servs., Inc.*, No. 14 Civ. 03595, 2015 WL 93387, at *3 (C.D. Cal. Jan. 6, 2015) ("Because it appears that plaintiffs' action will proceed in this Court regardless of whether the Lee settlement is ultimately approved . . . , the Court DENIES defendants' request for a stay.").

DoorDash cites no cases to the contrary. Its authorities involve the very different situation of stays of a class action when a parallel class action had settled or was near settlement. DoorDash Mot. at 2-4. This case is not a class action. (And, in fact, neither is *Marciano* – it is a PAGA-only action.)

### B. **<u>DoorDash Fails To Meet Its Burden.</u>**

A stay is only appropriate if the movant satisfies its burden under three factors: (1) "the possible damage that may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Perron v. Hewlett-Packard Co.*, No. 10 Civ. 00695, 2011 WL 1344221, at *1 (N.D. Cal. Apr. 8, 2011) (Koh, J.) (quoting *CMAX Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)).

Here, none of the factors supporting a stay are present.

First, a stay based on the *Marciano* settlement would prejudice Mr. Harriman, because it would only delay his inevitable litigation. Counsel believes Harriman's interests would be best served by opting out of the *Marciano* settlement, which would preclude it from having any relevance to this action. In addition, final approval of the

---

[1] *See* Decl. of Jahan C. Sagafi (Sagafi Decl.), Ex. A (*Abernathy* Hearing Transcript) at 63:5-11 ("THE COURT: I've just got to believe that at least some reasonable number of [the *Abernathy* plaintiffs] will opt out of [the *Marciano*] deal, and so I will still have a case. I'll still have to make rulings on it. And then we'll be back here in January, and you'll say that counsel can't prove his case, but he . . . could have if he had some [discovery].").

*Marciano* settlement is far from certain. A DoorDash driver has already objected to preliminary approval of the *Marciano* settlement, alleging that the settlement is unlawful and inadequate, the notice is deficient, false, confusing, and misleading, the assessment of drivers' claims was based on little to no discovery, and the release is overly broad. *See* Sagafi Decl. Ex. B (Robinson Objection). Even if approved by the trial court, the settlement seems likely to be appealed. Although DoorDash seeks a stay pending "final approval" of the settlement, resolution of the appeal will delay finality another few years, into 2022 or 2023. That delay would significantly prejudice Mr. Harriman. *See Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of court . . . such stays create a danger of denying justice by delay. Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") (internal citations omitted); *Prime Healthcare Servs.-Shasta LLC v. Price*, No. 17 Civ. 72, 2017 WL 2881503, at *6 (E.D. Cal. July 6, 2017) (denying stay, because "Defendant has offered no estimate for when the Settlement Agreement [litigated in a parallel action] might finally be resolved"); *Valdez*, 2015 WL 93387, at *2 ("[A] stay would be inappropriate in this instance. As defendants must concede, the *Lee* settlement has not yet received final, let alone preliminary, approval."); *see also Perron*, 2011 WL 1344221, at *2-3 (denying stay pending appeal of separate action approving settlement covering same claims); *ASUSTek Computer Inc. v. Ricoh Co.*, No. 07 Civ. 01942, 2007 WL 4190689, at *3 (N.D. Cal. Nov. 21, 2007) (Patel, J.) (denying stay, finding "a stay pending appeal [of a parallel settlement] . . . may result in indefinite delay"); *Smith v. Ceva Logistics U.S., Inc.*, No. 09 Civ. 4957, 2011 WL 13186146, at *3 (C.D. Cal. Sept. 28, 2011) (noting that "in the context of a wage claim," there is an even greater threat that an indefinite stay will cause substantial harm to the plaintiff due to "the economic position of the average worker" (quoting *Smith v. Super. Ct.*, 39 Cal. 4th 77, 82 (2006))).

Second, DoorDash fails to make a "clear case" that it will suffer "hardship or

inequity" if a stay is not imposed. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity"). The Ninth Circuit has made clear that merely "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity . . . .'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). DoorDash's assertion that the *Marciano* settlement would be "jeopardized" by the litigation of Mr. Harriman's claims is unfounded.[2] There is also no risk of inconsistent judgments because the *Marciano* settlement will not apply to or rule on the merits of Mr. Harriman's claims under the Fair Labor Standards Act and the California Labor Code and Wage Orders. *See Prime Healthcare*, 2017 WL 2881503, at *5 (parallel settlement "obviates the need" to answer the merits of plaintiff's claims).

Third, a stay will only conserve judicial resources in the sense that it will prevent litigation from happening. Def.'s Mot. at 4. By that logic, all stays, by definition, conserve judicial resources. Here, a stay would "delay resolution of the instant action without narrowing the factual or legal questions that would need to be resolved" because the "[s]ettlement of a civil action obviates the need to answer these questions at all rather than simplifying them." *Prime Healthcare*, 2017 WL 2881503, at *5.

**III. CONCLUSION**

For the foregoing reasons, Mr. Harriman respectfully requests that the Court deny DoorDash's administrative motion to stay, or, in the alternative, require DoorDash to duly notice its stay motion for a hearing, pursuant to Civil Local Rule 7-2.

---

[2] DoorDash asserts that, "If this case were to continue, the *Marciano* settlement could be placed in jeopardy because the parties would not know whether the claims asserted in this case could be released, and on what terms." DoorDash Mot. at 4:11-13. This makes no sense. One class member's opt-out does not put a settlement in jeopardy.

-5-

| | | |
|---|---|---|
| Dated: December 9, 2019 | | By: */s/ Jahan C. Sagafi* |

Jahan Sagafi (Cal. Bar No. 224887)
Relic Sun (Cal. Bar No. 306701)
Molly Frandsen (Cal. Bar No. 320094)
` OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: rsun@outtengolden.com
E-Mail: mfrandsen@outtengolden.com

Steven M. Tindall (Cal. Bar No. 187862)
Aaron Blumenthal (Cal. Bar No. 310605)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: 510-350-9700
Fascimile: 510-350-9701
E-Mail: smt@classlawgroup.com
E-Mail: ab@classlawgroup.com

*Attorneys for Plaintiff*